In the Matter of the Tax Appeal of BUSK
ENTERPRISES, INC., WILLIAM D. BUSK and
TAEKO BUSK, Taxpayer-Appellants.

No. 5034

May 30, 1972

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

The issue on this appeal is whether the taxpayers-
appellants should be assessed at the lower excise tax rate
of one-half percent or at the retail rate of four percent. Tax-
payers in this court, and the court below, urge that they
qualify for the wholesale rate because they provide services
through an "intermediary" and thus fall within HRS § 237-
18(c), which provides that:

"Where a photoprinter (or the like), tire recapper,
auto painter, or any other person engaged in the business
of cleaning, repairing, or otherwise restoring to useful
service tangible personal property renders services upon
the order of or at the request of another taxpayer who,
by reason of constituting an intermediary between the
person rendering the services and the ultimate recipient
of the benefits of the services, is required to include
the rendering of the same services in the measure of

the tax levied on him under section 237-13(6), or levied on him as a retailer of services under section 237-16, so much gross income as is derived from the rendering of the services shall be subjected to a tax on the person rendering the services at the rate of one-half of one percent and shall be subjected to a tax on the aforesaid intermediary at the rate of four percent.[1]

On October 7, 1969, the tax assessor mailed assessments of additional general excise taxes to appellants, assessing additional amounts to the individual appellants for calendar years 1966 through 1968 in the amount of $7,374.75 and to the corporate appellant for the calendar year 1968 in the amount of $1,911.58. The appellants paid the assessments under protest on November 4, 1969, and sought a determination by the tax appeal court. The tax appeal court upheld the assessment of the director of taxation at the four percent rate. In construing this section the tax court held that the crucial factor was the *type* of "tangible personal property" which was restored, cleaned or repaired, i.e., this property must be *used* property. We agree with the court below that the assessment at the higher rate was correct, but we do not agree that the property that is serviced must be used property.

The crucial element of § 237-18(c) is not the type of personal property being serviced, but the necessity of the existence of an "intermediary" requesting or ordering the ser-

---

[1]In 1971 the legislature integrated §§ 237-18(c) and 237-13(6) to read:

"§ 237-13. Imposition of tax.  *  *  *

"(6) Tax on service business. Upon every person engaging or continuing within the State in any service business or calling not otherwise specifically taxed under this chapter, there is likewise hereby levied and shall be assessed and collected a tax equal to four per cent of the gross income of any such business; provided, however, where any person engaging or continuing within the State in any service business or calling renders such services upon the order of or at the request of another taxpayer who is engaged in the service business and who, in fact, acts as or acts in the nature of an intermediary between the person rendering such services and the ultimate recipient of the benefits of such services, so much of the gross income as is received by the person rendering the services shall be subjected to the tax at the rate of one-half of one per cent and all of the gross income received by the intermediary from the principal shall be subjected to a tax at the rate of four per cent."

vices to be performed. Without the presence of an intermediary between the taxpayer performing the services and the "ultimate recipient of the services", a taxpayer may not qualify for the more beneficial tax rate of one-half percent.

Taxpayers-appellants are engaged in the business of cleaning and preparing new cars for delivery by the automobile dealers to their customers. During the taxable years in question, 1966-1968, the procedure was as follows: upon completion of the sales agreement with a customer, the automobile dealer would send the car selected by the customer to the taxpayers to be "prepared for delivery". "Preparation" would include polishing and retouching of the exterior, cleaning of the interior, and, in some cases, "tuning up" the mechanical parts. Because it was often months between the date the car was delivered to Hawaii and the date of sale, these services were necessary in order to put the car in acceptable condition for the customer.

The automobile dealers did not perform these preparation services themselves, finding the set fee charged by the taxpayers to be a more economical means of putting the car in proper condition.[2] The dealers would pass along the cost of these services to the customer under the aegis of "freight and handling charges".

§ 237-18(c) provides for the one-half percent excise tax rate on the gross income of taxpayers engaged in the enumerated service categories[3] where these services were performed at the order or request of another taxpayer who is in an intermediary capacity. It is evident from the overall excise tax scheme that the purpose underlying this provision was to avoid tax pyramiding, i.e., double taxation at the higher rate on the same revenue, by characterizing certain

---

[2]Subsequent to these taxable years, Universal Motors, accounting for 85% of the taxpayer's revenue during the taxable years in issue, began to perform these preparation services.

[3]The 1971 amendments removed these categories making the lower rate applicable to all service businesses where an intermediary ordered or requested the service. See supra, note 1, Stand. Comm. Rep. No. 108 on H.B. 1267-70-70, House Journal (1970) at 3.

service transactions as three-party transactions. By so doing, there is a clear analogue to the wholesaler-retailer-customer transaction of goods. The person rendering the particular service within § 237-18(c) would have his gross income taxed at the rate of one-half percent, and the taxpayer furnishing the service, as an intermediary-retailer, to the customer, would be taxed at the higher retail rate of four percent. For a taxpayer performing services to qualify for the lower rate he must do so at the request of another taxpayer who is a mere conduit for the service en route to the ultimate recipient, the customer. See Op. Atty. Gen. 64-9 (February 25, 1964).

In the instant case, the taxpayers-appellants performed the cleaning, repairing, and restoring services at the request of the automobile dealers. The dealers were not intermediaries within the meaning of § 237-18(c) because by requesting the taxpayers' services they were merely subcontracting out a pre-existing contractual obligation. That is, once the dealers and the customers entered into a binding sales agreement, the dealers were obligated to deliver that new car in acceptable condition. Since the automobile dealers had to prepare, or have prepared, the particular car sold as part of the total cost of the sale, the recipients of the taxpayers' services were not the car buyers, but the dealers themselves. As was found by the tax appeal court, the dealers, unlike the retailer-conduit envisioned by § 237-18(c), passed these preparation costs along to the customer by substantially increasing the "freight and handling" charges.

Therefore, since the taxpayers' services were not performed at the request of an intermediary, within the purview of § 237-18(c), the tax appeal court correctly sustained the assessment of the tax director at the four percent rate.

Affirmed.

*Arthur B. Reinwald* (*Anthony, Hoddick, Reinwald & O'Connor* of counsel) for appellants.

*Tany S. Hong,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, with him on the brief) for appellee.